## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELISA R. CRUZ** | ) | |
| **212 Tor Bryan Road** | ) | |
| **Fort Washington, MD 20744** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  16-39** |
| | ) | |
| **JEH C. JOHNSON** | ) | |
| **Secretary of the U.S. Department of** | ) | |
| **Homeland Security** | ) | |
| **245 Murray Lane, SW** | ) | |
| **Washington, DC 20528-0075** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1.      This is an action by Plaintiff Elisa R. Cruz, an African American and Hispanic woman who was employed by the Federal Emergency Management Agency ("FEMA") of the Department of Homeland Security ("DHS") as the Chief Information Security Officer, until she was removed from her position, forced on detail to another office, then demoted, and finally involuntarily reassigned to a resource management position that she was not qualified for.

2.      Ms. Cruz assumed the position of Chief Information Security Officer (CISO) for FEMA in October 2007, having been recruited by FEMA's then Chief Information Officer (CIO), Mr. Tony Cira, a Caucasian male.  Ms. Cruz became the first minority female appointed to the position of CISO at FEMA.

3.      Ms. Cruz was a highly effective CISO for over four years at FEMA prior to her abrupt and unjustified removal in March 2012.  When Ms. Cruz arrived at FEMA, FEMA's IT

security program was failing with respect to its compliance with government-wide IT Security standards set by the Federal Information Security Management Act (FISMA).  Within a year of Ms. Cruz's employment as CISO, FEMA's scorecard for compliance with FISMA standards went from a failing "red" to a successful "green."  In successive years under her tenure as CISO, FEMA never received a failing grade on its FISMA scorecard, and Ms. Cruz received accolades for her performance.

4.      The Operational Branches in the Office of the CIO were primarily composed of a Caucasian male workforce.  African American or Hispanic females were not well-represented in the Operational Branches of the Office of the CIO.  Despite Ms. Cruz's success as CISO, she was not accepted by many of her colleagues and managers due to her sex plus race.

5.      This case concerns Defendant's decision to remove and involuntarily detail Ms. Cruz from her position as CISO on March 14, 2012, due to a complaint by a Caucasian manager about Ms. Cruz's attitude at a work meeting in December 2011.  Since then, Ms. Cruz's career has entirely derailed.  Without notice or even being afforded the opportunity to respond to this complaint, Ms. Cruz has been progressively demoted and now works as a Program Manager in FEMA's Resource Management Division under a directed reassignment outside of her career field of IT Security.

6.      Ms. Cruz has been targeted for these potentially career-ending adverse actions because of her sex plus race, and in reprisal for filing an EEO complaint after she had been the victim of unlawful employment practices.

7.      This case seeks redress for Defendant's discrimination and retaliation against Ms. Cruz.  It arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and seeks: a.) declaratory and injunctive relief; b.) Ms. Cruz's reinstatement to the CISO

position; c.) correction of her personnel records; d.) compensatory damages; and e.) attorney's fees and costs incurred in the prosecution of this action.

## II.   JURISDICTION, VENUE, AND PARTIES

8.     This Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., and 28 U.S.C. § 1331.

9.     Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices alleged in this action took place in the District of Columbia, where the Plaintiff is employed.

10.     Elisa R. Cruz ("Plaintiff" or "Ms. Cruz") is employed by Defendant at the Federal Emergency Management Agency (FEMA) in Washington, D.C.  From October 28, 2007 through March 14, 2012, Ms. Cruz was employed as the Chief Information Security Officer (CISO) for FEMA in Washington, DC.

11.     Jeh C. Johnson ("Defendant") is presently the Secretary of the United States Department of Homeland Security.

## II.   ADMINISTRATIVE PREREQUISITES

12.     Ms. Cruz has complied with all of the administrative prerequisites necessary to bring this action and has exhausted the administrative remedies available to her.

13.     On March 14, 2012, Ms. Cruz made a timely request for EEO Counseling with the Agency.

14.     On June 6, 2012, Ms. Cruz timely filed a formal complaint of discrimination with the Agency alleging that she had been subjected to discrimination based on her race (African American), color (brown), national origin (Hispanic), and sex (female).  Ms. Cruz filed an

amended complaint on February 6, 2013 to introduce an additional charge of reprisal for

engaging in protected EEO activity.

15.     On September 25, 2015, an Administrative Judge from the EEOC's Washington

Field Office issued a decision on the complaint without a hearing in favor of the Agency.

16.     On October 14, 2015, the Agency issued its Final Order, finding no

discrimination as the final action in this matter.

17.     This Complaint is filed within 90 days of Plaintiff's receipt of the Final Order, in

accordance with 42 U.S.C. § 2000e-16(c), and 29 C.F.R. 1614.407(a).

## III.     FACTS CENTRAL TO PLAINTIFF'S CLAIMS

**Background**

18.     Ms. Cruz is an African-American female, of Hispanic national origin.

19.     Ms. Cruz received a Bachelor of Science degree from the University of New York

(Regents College), Albany, NY, in 1997 and a Master of Science in Strategic Intelligence from

the Defense Intelligence Agency, Joint Military Intelligence College, Washington, DC, in 2004.

20.     Ms. Cruz served for 21 years on active duty in the U.S. Army, was a

Counterintelligence Special Agent, and upon her military retirement in January 2000 she held the

rank of Chief Warrant Officer 3.

21.     Ms. Cruz holds numerous certifications in her career fields of counterintelligence

and information security, and is a Certified Information Security Manager (CISM).

22.     A federal employee since July 1, 2001, Ms. Cruz has held a number of

progressively senior positions in the federal government: Counterintelligence Analyst at the

Defense Security Service, Counterintelligence Office; Intelligence Operations Analyst at the

Federal Aviation Administration (FAA); Intelligence Operations Analyst at the Transportation

Security Administration (TSA); and Senior Counterintelligence Officer at DHS Headquarters.

23.     In June 2004, Ms. Cruz began working in the field of Information Technology

(IT) Security at DHS Headquarters, where she received a promotion to the grade of GS-15.

24.     In October 2007, FEMA's Chief Information Officer (CIO), Mr. Tony Cira, a

Caucasian male, recruited Ms. Cruz, and she became the first minority female appointed to the

position of Chief Information Security Officer (CISO) at FEMA.

25.     As the CISO at FEMA, Ms. Cruz was responsible for managing and ensuring

FEMA's IT systems nationwide were adequately protected from risk and in compliance with

federal IT security standards.

26.     When Ms. Cruz arrived at FEMA, FEMA's IT security program was failing in its

IT security standards compliance as measured throughout the federal government by the Federal

Information Security Management Act (FISMA) scorecard, with a scorecard rating across its

networks of red.

27.     Ms. Cruz's IT Security Branch staff was largely African-American, in stark

contrast to the composition of the predominantly Caucasian male workforce of all other

Operational Branches in the Office of the CIO.

28.     Within a year of her employment at FEMA, Ms. Cruz and her staff had achieved a

FISMA scorecard rating of green for 2008, indicating a compliant IT security program, for the

first time in FEMA's history.

29.     Ms. Cruz received numerous accolades for her accomplishments at FEMA in her

role as CISO, and had never received any counselings or disciplinary action for her performance

or conduct.

30.     Ms. Cruz's stellar career came to a halt on March 14, 2012, when she was abruptly removed from her position without notice or warning, due to what she later learned was a complaint from Donald Buskard, a Caucasian male manager within the Office of the CIO, about her alleged behavior during a meeting in December 2011.

**Removal from Position as FEMA's Chief Information Security Officer (CISO)**

31.     On March 14, 2012, Ms. Cruz's immediate supervisor, then FEMA Deputy CIO Maria Roat, a Caucasian female, issued Ms. Cruz a Written Warning for unspecified behavior characterized only as "unprofessional and inappropriate," and placed her on a 90-day detail to DHS Headquarters, effective March 19, 2012.

32.     Unbeknownst to Ms. Cruz, her second level supervisor, then FEMA CIO Jean Etzel, a Caucasian female, had directed that Deputy CIO Ms. Roat investigate Mr. Buskard's complaint against Ms. Cruz, and Human Resources Specialist Kirsten Gunsolus, a Caucasian female, had conducted an Informal Administrative Inquiry from January – February 2012.

33.     Ms. Cruz was never officially notified about the Buskard complaint or the Informal Administrative Inquiry, and as a result, was never provided an opportunity to respond to Mr. Buskard's complaint and submit a statement in her defense.

**Retaliatory Management Actions After Protected EEO Activities**

34.     On March 14, 2012, Ms. Cruz contacted the FEMA Equal Employment Opportunity Manager to file an informal complaint of race and gender discrimination due to her removal as FEMA's CISO.

35.     On March 29, 2012, Ms. Roat sent an email with an organizational chart to all Office of the CIO staff announcing a reorganization of her division, in which Ms. Cruz was

reflected as having already been demoted to the position of Deputy CISO and Deputy Branch Chief of the IT Security Branch without her prior knowledge.

36.     On April 8, 2012, Ms. Cruz was reassigned and demoted to the position of Deputy CISO/Deputy Branch Chief of the IT Security Branch.

37.     On June 6, 2012, Ms. Cruz filed a formal complaint of discrimination based on race, color, national origin, and sex.

38.     On June 20, 2012, Ms. Cruz's involuntary 90-day detail to DHS Headquarters was extended for 6-8 weeks.

39.     On July 19, 2012, having received no contact from her supervisor, Ms. Cruz requested a meeting to find out why her detail was being extended. Ms. Roat informed Ms. Cruz that "due to the hostile work environment in her branch," her detail would be extended for at least 4-6 more weeks.  Ms. Roat stated that she did not want Ms. Cruz occupying the Deputy CISO position until the replacement CISO came on board.  Again, this action occurred without giving Ms. Cruz any opportunity to respond and submit a statement in her defense.

40.      In August 2012, Ms. Cruz's involuntary detail to DHS was again extended until October 9, 2012, when she was directed to return to the FEMA Office of the CIO.

41.     On October 19, 2012, Ms. Cruz was reassigned from her position as the Deputy CISO, to the position of Branch Chief for Resource Management in the Office of the CIO.

42.     In this position, Ms. Cruz was responsible for managing the Office of the CIO's acquisitions, budget, contracts, human resources, and equipment/facilities.

43.     Ms. Cruz immediately filed an objection on the grounds that she was not qualified for the position of Branch Chief for Resource Management, because she had no prior experience

with managing acquisitions, budget, contracts, human resources or equipment/facilities. Nonetheless, the Defendant indicated that she was deemed qualified for the position.

44.    On February 6, 2013, Ms. Cruz filed an amended formal complaint of discrimination to include an additional charge that the Defendant had retaliated against her for her EEO activity in extending her involuntary detail and drastically altering her job responsibilities so that she was working on unfamiliar resource matters to include acquisitions and Human Resources related tasks instead of IT Security, which was her area of expertise.

45.    On March 4, 2013, Ms. Cruz received official notice of a directed reassignment from her position as a Supervisory IT Specialist in the Operations Division (Information Security), to the position of Supervisory IT Specialist in the Business Management Division (Program Manager), effectively removing her IT Security career field designation.

46.    Ms. Cruz continues to work in this administrative Resource Management position for Acquisition, Budget and Human Resources, and continues to be denied the opportunity to return to work in her operational area of expertise in IT Security in any capacity, despite numerous requests to Defendant's managers.

47.    Prior to Plaintiff's removal as the FEMA CISO, Caucasian and non-African-American male managers at Defendant's Mount Weather location, Larry Wood, William Whittington, and David Lopez, made racially charged, disparaging comments about Ms. Cruz behind her back to the effect that, "women cannot make rational decisions because of their hormones," and Ms. Cruz had "double the problem," because she has the "At-ti-tude" referring to her being not only a woman but also an African-American woman.

48.    Plaintiff's Caucasian female subordinate, Christina Raftery, described the FEMA Office of the CIO Operations Branch staff at the Mount Weather facility, as a "good old boys

club," and reported hearing on several occasions prior to Ms. Cruz's removal as the FEMA CISO that she herself "couldn't belong in the club because she was a woman" and Ms. Cruz "could never belong because she had at least two things holding her back," referring to her sex plus race.

49.     Plaintiff's former Caucasian first-line supervisor prior to Ms. Roat, Steven McDevitt, stated that Ms. Cruz was the victim of a hostile work environment created by her Caucasian male peers; that he had "worked to address many of these issues, but some of the cultural issues of FEMA, especially related to the Mt. Weather Emergency Operations Center could not be removed;" and that "some of her peers actively undermined her authority through gossip, innuendo and questioning of her technical and management ability in front of her staff and other staff members of the Office of the CIO."

50.     Defendant has failed to give Ms. Cruz any reasonable, non-pretextual, non-discriminatory explanation why she was abruptly removed from her position as FEMA's CISO without notice of her alleged "unprofessional and inappropriate" behavior and the opportunity to provide a statement in her defense.

51.     Defendant continues to deny Ms. Cruz the opportunity to work in her career field of expertise in IT security, which is damaging her career and her reputation.

## IV.    CLAIMS FOR RELIEF

<u>**COUNT I:  SEX-PLUS-RACE DISCRIMINATION**</u>
<u>**(TITLE VII)**</u>

52.     Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

53.     Defendant unlawfully discriminated against Plaintiff on the basis of her sex-plus-race.

54.     Title VII, 42 U.S.C. § 2000e-2(a), makes it unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions or privileges of employment because of sex-plus race.

55.     In removing Plaintiff from her position as the FEMA Chief Information Security Officer and placing her on detail to the Department of Homeland Security Headquarters, Defendant materially and adversely altered the terms, conditions, and privileges of Plaintiff's employment and Plaintiff's future employment opportunities within DHS.

56.     In issuing a written warning for unspecified behavior described as "unprofessional and inappropriate" and failing to conduct an appropriate investigation that would have exonerated her, Defendant subjected the Plaintiff to an adverse action which materially and adversely affected Plaintiff's career opportunities and professional reputation and which created a pretext for taking further discriminatory adverse actions against the Plaintiff.

57.     In reassigning and demoting Plaintiff to the position of Deputy Chief Information Security Officer/Deputy Branch Chief of the Information Technology Security Branch in the FEMA Office of the Chief Information Officer, Defendant materially and adversely altered the terms, conditions, and privileges of Plaintiff's employment and Plaintiff's future employment opportunities, both within and outside DHS.

58.     In taking the foregoing actions, Defendant discriminated against Plaintiff on the combined basis of her sex (female), plus race (African-American), national origin (Hispanic), and color (Brown) and subjected Plaintiff to disparate treatment as compared to similarly situated Caucasian and non-African-American male employees.

59.     As a result of Defendant's violations of Title VII, Plaintiff has suffered and is continuing to suffer injuries, including but not limited to, damage to her career, damage to her

professional and personal reputation, humiliation and emotional distress, loss of enjoyment of life, and pain and suffering.

## Count II:  RETALIATION
### (TITLE VII)

60.     Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

61.     Defendant retaliated against Plaintiff on the basis of her protected EEO activity in filing a complaint of discrimination.

62.     Title VII, 42 U.S.C. § 2000e-3(a) makes it unlawful for an employer to commit retaliation because of an employee engaging in protected activity, to include filing equal employment opportunity complaints.

63.     In extending Plaintiff's detail to the Department of Homeland Security Headquarters, Defendant retaliated against Plaintiff.

64.     In giving Plaintiff a directed reassignment from her area of expertise as a Supervisory IT Specialist in the Operations Division (Information Security), to the position of Supervisory IT Specialist in the Business Management Division (Program Manager), Defendant retaliated against Plaintiff.

65.     By failing to grant Plaintiff's continuing requests to be assigned work in her area of expertise in Information Technology Security, Defendant retaliated against Plaintiff.

66.     As a result of Defendant's violations of Title VII, Plaintiff has suffered and is continuing to suffer injuries, including, but not limited to, damage to her career, damage to her professional and personal reputation, humiliation and emotional distress, loss of enjoyment of life, and pain and suffering.

**V.     PRAYERS FOR RELIEF**

WHEREFORE, Ms. Cruz respectfully requests that the Court issue a judgment granting the following relief from Defendant:

    A.  A declaratory judgment that Defendant discriminated and retaliated against Plaintiff, as alleged herein;

    B.  An injunctive order requiring Defendant to take specific corrective action for the discrimination and retaliation against Ms. Cruz in the past and continuing to the present, and that it take appropriate steps to protect Ms. Cruz from further acts of discrimination and retaliation in the future, including, but not limited to, reassignment to her position as CISO and correction of personnel records;

    C.  Monetary and/or compensatory damages to the maximum extent allowed by law;

    D.  Reasonable attorneys' fees, expert witness fees, and costs;

    E.  Such other and further relief as the Court deems just and proper; and

    F.  All other relief to which Ms. Cruz shows herself entitled to at law or in equity.

**VI.    JURY DEMAND**

Plaintiff requests a trial before a jury.

Dated: January 8, 2016              Respectfully submitted,

                                  */s/ Tamara L. Miller*
                                TAMARA L. MILLER (DC BAR NO. 435156)
                                MILLERMASCIOLA, ATTORNEYS AT LAW
                                1825 K Street, NW, Suite 1150
                                Washington, DC 20006
                                Tel: (202) 223-8181
                                Fax: (202) 318-0559
                                Tamara.miller@millermasciola.com

                                *Counsel for Plaintiff Elisa R. Cruz*